UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANDY CARTER                                          CIVIL ACTION

VERSUS                                               NO. 09-15

WARDEN AL STRAIN,                                    SECTION "I" (3)
ST. TAMMANY PARISH JAIL

### ORDER AND REASONS

Plaintiff, Andy Carter, a state pretrial detainee, filed this *pro se* and *in forma pauperis* complaint asserting various claims challenging the conditions of his confinement at the St. Tammany Parish Jail. The sole defendant is Warden Al Strain. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.[1]

Warden Strain has filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56.[2] Plaintiff has opposed that motion.[3]

"Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it

---

[1] Rec. Doc. 21.

[2] Rec. Doc. 29.

[3] Rec. Doc. 31.

believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed.R.Civ.P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001). The Court has no duty to search the record for evidence to support a party's opposition to summary judgment; rather, "[t]he party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim." Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998). Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment. Id.; Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996). "[S]ummary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." Little v. Liquid Air Corp., 37 F.3d 1069, 1075-76 (5th Cir. 1994) (emphasis deleted) (internal quotation marks omitted).

In support of his motion for summary judgment, Warden Strain first argues that the allegations of the complaint are insufficient to state a claim against him. He is correct.

Plaintiff does not indicate in which capacity Strain is being sued; however, Strain assumes that he is being sued in his individual capacity. "Plaintiffs suing governmental officials in their

individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Further, "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). Here, plaintiff makes *no allegations whatsoever* against Strain or any involvement by him in the incidents and conditions on which plaintiff's claims are based. Without such allegations, no individual-capacity claim has been stated against Strain. Although Strain is a supervisor at the jail, he cannot be held liable for federal civil rights violations allegedly committed by his subordinates based merely on a theory of strict liability[4] or vicarious liability.[5]

Out of an abundance of caution, the Court also notes that plaintiff has not stated an official-capacity claim, if perhaps that was his intent. "In a suit brought against a municipal official in his official capacity, the plaintiff must show that the municipality has a policy or custom that caused his injury." Parm v. Shumate, 513 F.3d 135, 142 (5th Cir. 2007), cert. denied, 129 S.Ct. 42 (2008). "A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993). Rather,

---

[4] Harris v. Greer, 750 F.2d 617, 618 (7th Cir. 1984) ("[T]here is no concept of supervisor strict liability under section 1983."); see also Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996); Evans v. Gusman, Civ. Action No. 08-703, 2008 WL 2223281, at *2 (E.D. La. May 23, 2008); Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *5 (E.D. La. Aug. 1, 2007).

[5] An official cannot be held liable pursuant to 42 U.S.C. § 1983 under any theory of vicarious liability. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability."); Evans, 2008 WL 2223281, at *2.

he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003). Plaintiff does not allege that the purported deprivations claimed here resulted from a policy or custom, much less identify such a policy or custom.

The foregoing reasons are alone grounds for granting the motion for summary judgment. Nevertheless, the Court additionally notes that, as Strain alternatively argues in his motion, the claims here also fail for another more fundamental reason, i.e. plaintiff's allegations are simply insufficient to state a constitutional violation.

It is, of course, clear that "the Fourteenth Amendment prohibits the imposition of conditions of confinement on pretrial detainees that constitute punishment." Collins v. Ainsworth, 382 F.3d 529, 540 (5th Cir. 2004) (internal quotation marks omitted). Therefore, "a pretrial detainee cannot be subjected to conditions or restrictions that are not reasonably related to a legitimate governmental purpose." Hare v. City of Corinth, Miss., 74 F.3d 633, 640 (5th Cir. 1996). In this case, plaintiff has not alleged facts that support a finding that the conditions "are not reasonably related to a legitimate governmental purpose." Moreover, in light of the fact that the realities of running a jail are complex and difficult and that the judiciary is ill equipped to micro-manage a jail's day-to-day operations, federal courts are loathe to intervene when detainees complain of trivial inconveniences. Further, such judicial restraint is appropriate because the federal constitution simply is not concerned with a *de minimis* level of imposition on pretrial detainees. Bell v. Wolfish, 441 U.S. 520, 539 n.21 (1979). For the following reasons, it apparent that plaintiff has not demonstrated that his complaints

concern anything more than *de minimis* inconveniences which do not implicate his constitutional rights and do not warrant federal relief.

Plaintiff's first claim is that he was allowed only a single shower during one eight-day period. Even if that occurred, it was merely a brief deprivation which would not violate the constitution. See McAllister v. Strain, Civ. Action No. 08-5174, 2009 WL 500560, at *3 (E.D. La. Feb. 25, 2009) (denial of shower for seven-day period did not amount to a constitutional violation); see also Hamilton v. Lyons, 74 F.3d 99, 106 n.8 (5th Cir. 1996) (denial of a shower for a three-day period did not rise to the level of a constitutional deprivation); Holloway v. Gunnell, 685 F.2d 150, 156 n.6 (5th Cir. 1982) ("A number of courts have held that one or two showers a week is sufficient to satisfy constitutional requirements.").

Plaintiff's second and third claims concern the alleged failure to provide blankets and sleeping mats. However, such temporary, non-punitive denials of blankets or mattresses simply are not sufficiently egregious to violate the constitution. McAllister, 2009 WL 500560, at *2-3; Desroche v. Strain, 507 F.Supp.2d 571, 580-81 (E.D. La. 2007).

Plaintiff's fourth claim is that jail officials failed to respond to inmates' medical needs. Plaintiff's allegations regarding this claim are clearly insufficient. A pretrial detainee's constitutional right to medical care is violated only if his *serious* medical needs are met with *deliberate indifference* on the part of penal authorities. Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001). Here, plaintiff does not allege that his purported medical needs were "serious" in nature or that the denial of medical care was the result of deliberate indifference.

Plaintiff's fifth claim is that prison officials do not always respond to grievances. Even if that is true, it is of no moment. Inmates have no constitutional right to an effective grievance procedure. Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005); see also Propes v. Mays, 169 Fed. App'x 183, 184-85 (5th Cir. 2006); George v. Travis, Civil Action No. 07-986, 2007 WL 1428744, at *7 (E.D. La. May 10, 2007); Mahogany v. Miller, Civil Action No. 06-1870, 2006 WL 4041973, at *1 (E.D. La. Aug. 3, 2006), appeal dismissed, 252 Fed. App'x 593 (5th Cir. 2007).

Plaintiff's sixth claim is that the jail's showers are "full of mold & mildew." Again, even if that is true, relief is not warranted. See Mahmoud v. Bowie, No. 99-31255, 2000 WL 1568178, at *2 (5th Cir. Sept. 14, 2000) (affirmed dismissal of claim that shower was unsanitary, holding that the claim was "conclusional or de minimis and [did] not rise to the level of [a] constitutional violation[]"); McCarty v. McGee, No. 2:06cv113, 2008 WL 341643, at *3 (S.D. Miss. Feb. 5, 2008) (holding that prisoner's claim that the shower was "covered in mold and fungus" failed to rise to the level of a constitutional violation); Crook v. McGee, No. 2:07cv167, 2008 WL 53269, at *2 (S.D. Miss. Jan. 2, 2008) (same).

As his seventh claim, plaintiff states only: "When it rains it often leaks onto inmate bunks." Without more, that allegation simply does not state a constitutional violation. See, e.g., Lewis v. Foti, Civ. Action No. 95-0334, 1996 WL 175004, at *9 (E.D. La. Apr. 12, 1996) (leaks amounted to nothing more than "routine discomfort," not a federal violation).

Plaintiff's eighth claim is that there is "[n]o filtered or proper ventilation." A conclusory claim of inadequate ventilation, without more, implicates no federal constitutional right. Johnson

v. Thaler, No. 99-20222, 1999 WL 1131941, at *1 (5th Cir. Nov. 12, 1999); Parker v. Smith, No. 93-5542 (5th Cir. May 6, 1994)

Plaintiff's ninth claim is that "[e]ating surfaces are peeling and rusted." Again, however, plaintiff must remember that he is detained in a jail, and the federal constitution does not require that jails have the same level of comfort and amenities one might choose for himself in the free world. "Simply because a cell is unpleasant or less sanitary than one would wish for his home does not render the conditions unconstitutional." Kelly v. Gusman, Civ. Action No. 07-611, 2007 WL 2007992, at *3 (E.D. La. July 5, 2007). This Court has no hesitation in concluding that a peeling and rusted eating surface is a *de minimis* imposition which does not rise to the level of a constitutional violation.

Plaintiff's tenth claim is that "[s]taph infections are rampant." Again, this bare allegation does not alone state a constitutional claim. Plaintiff does not allege that prison officials failed to take reasonable measures to protect him from contracting a staph infection, much less that he in fact contracted such an infection. To the extent that plaintiff is complaining that incoming inmates are not routinely tested for infectious diseases, no such screening of all inmates is constitutionally required. See Gibbs v. Grimmette, 254 F.3d 545, 550 (5th Cir. 2001); Kennedy v. Gusman, No. 06-5274, 2007 WL 1302554, at *3 (E.D. La. May 2, 2007).

Plaintiff's final claim is that "[l]iving conditions are overcrowded and substandard." Such a conclusory statement of overcrowding is insufficient because "[o]vercrowding of persons in custody is not *per se* unconstitutional." Collins v. Ainsworth, 382 F.3d 529, 540 (5th Cir. 2004); see also Chavera v. Allison, No. 1:08cv256, 2009 WL 1011157, at *5 (S.D. Miss. Apr. 15, 2009)

("[I]t has been repeatedly held that, absent some indication of punitive intent, the mere overcrowding of a jail does not violate the Fourteenth Amendment."). Likewise, conclusory allegations that prison living conditions are "substandard" fail to state a claim and are insufficient to defeat a motion for summary judgment. Christensen v. Lewis, No. 93-16687, 1994 WL 259753, at *2 (9th Cir. June 14, 1994); Friedland v. Hayman, Civ. Action No. 06-2583, 2006 WL 3359716, at *10 (D.N.J. Nov. 16, 2006).

Lastly, the Court notes that, to the extent that plaintiff is seeking compensatory damages, Strain correctly argues that an award of such damages is precluded because there is no allegation that plaintiff suffered a physical injury. Federal law provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Plaintiff has not alleged that he suffered a physical injury with respect to any of his claims, and it is clear that mere feelings of fear and anxiety do not qualify as physical injuries under § 1997e(e). Herman v. Holiday, 238 F.3d 660, 665-66 (5th Cir. 2001).

Accordingly, for all of the foregoing reasons,

**IT IS ORDERED** that Warden Al Strain's motion for summary judgment is **GRANTED** and that plaintiff's claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this first day of October, 2009.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**